IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-2110-GPG

**VITO JOSEPH KERSHAW,** Inmate No. 7187921029,

    Plaintiff,

v.

**DOCTOR DAVID JONES**;
**CORRECT CARE SOLUTIONS LLC**; and
**ARAPAHOE COUNTY**,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

Plaintiff, Vito Joseph Kershaw, is a prisoner in the custody of the Arapahoe County Detention Facility in Centennial, Colorado.  Mr. Kershaw initiated this action by filing a complaint claiming that he has been denied adequate medical care.  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court determined that the complaint was deficient and ordered Plaintiff to file an amended complaint (ECF No. 5). Plaintiff filed an amended complaint on October 13, 2015 (ECF No. 6).

The court must construe the amended complaint liberally because Mr. Kershaw is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Kershaw will be ordered to file a second amended complaint if he wishes to pursue his claims in this action.

As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has

determined that the complaint is deficient.  The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Kershaw asserts jurisdiction pursuant to 42 U.S.C. § 1983, which "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights."  *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).

Construing the complaint liberally, it appears that Mr. Kershaw is asserting a constitutional claim pursuant to both the Eighth and Fourteenth Amendments alleging he has been denied adequate medical treatment in that he has been denied his prescribed pain medication and that he has been denied a hip replacement.  In support

of his claims, he has attached various documents and has further submitted a letter to the court with various attachments (ECF No. 17). In these documents he asserts that he has been approved to see an orthopedic specialist and has indeed received his appointment. He claims the specialist recommended that he receive a hip replacement.

It is not the Court's duty to sift through various attachments and documents to determine whether a plaintiff has stated a claim. In order to state an arguable medical treatment claim Mr. Kershaw must allege specific facts that demonstrate deliberate indifference to his serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104-06 (1976). Deliberate indifference means that "a prison official may be held liable . . . only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

**In summary, Mr. Kershaw must identify the specific claims he is asserting, the specific factual allegations that support each claim, against which Defendant or Defendants he is asserting each claim, and what each Defendant did that allegedly violated his rights.** ***See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated**") (emphasis added). Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux*

3

& Janer, 425 F.3d 836, 840 (10th Cir. 2005). Finally, "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

To the extent Mr. Kershaw asserts a constitutional claim against an individual, he must allege specific facts that demonstrate how that individual personally participated in the asserted constitutional violation. *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential"). Furthermore, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of *respondeat superior*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Although a defendant can be liable in a § 1983 action based on his or her supervisory responsibilities, a claim of supervisory liability must be supported by allegations that demonstrate personal involvement, a causal connection to the constitutional violation, and a culpable state of mind. *See Schneider v. City of Grand Junction Police Dept.*, 717 F.3d 760, 767-69 (10th Cir. 2013) (discussing standards for supervisory liability).

To the extent Mr. Kershaw asserts a constitutional claim against Correct Care Solutions and/or Arapahoe County, he must allege specific facts that demonstrate he suffered an injury caused by an official policy or custom. *See Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1216 (10th Cir. 2003) (holding that traditional municipal liability principles apply to claims brought pursuant to 42 U.S.C. § 1983 against private corporations); *Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) ("in order to hold CCA liable for the alleged tortious acts of its agents, [Plaintiff] must show

that CCA directly caused the constitutional violation by instituting an official policy of some nature that was the direct cause or moving force behind the constitutional violations") (internal citation and quotation marks omitted).

Finally, because Mr. Kershaw must clarify the claims he is asserting, he will be directed to file a second amended complaint on the complaint form approved for use by prisoners in the District of Colorado.  Mr. Kershaw must specifically identify all parties he seeks to pursue relief against and include their addresses as directed on the form.  Pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  Accordingly, it is

**ORDERED** that Mr. Kershaw file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

**FURTHER ORDERED** that Mr. Kershaw shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

**FURTHER ORDERED** that, if Mr. Kershaw fails to file a second amended complaint that complies with this order within the time allowed, the claims that do not comply with the pleading requirements of Rule 8 will be dismissed without further notice.

DATED December 1, 2015, at Denver, Colorado.

BY THE COURT:


/s Gordon P. Gallagher

5

Gordon P. Gallagher
United States Magistrate Judge