IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02110-GPG

VITO JOSEPH KERSHAW,

    Plaintiff,

v.

DOCTOR DAVID JONES,
TAMMERA HERIVEL, and
CORRECT CARE SOLUTIONS,

    Defendants.

## ORDER TO DISMISS IN PART AND TO DRAW IN PART

Plaintiff Vito Joseph Kershaw is a prisoner in the custody of the Colorado Department of Corrections and is currently incarcerated at the Arkansas Valley Correctional Facility in Ordway, Colorado. Plaintiff initiated this action while he was detained at the Arapahoe Detention Facility in Centennial, Colorado, by filing, *pro se*, a Prisoner Complaint pursuant to 28 U.S.C. § 1343 and 42 U.S.C. § 1983 that asserts a deprivation of his constitutional rights.

Upon review of this case and the Court's Docket, the Court will vacate the December 1, 2015 Order Directing Plaintiff to File Amended Complaint, ECF No. 18, and deny Plaintiff's Motion to Amend Complaint, ECF No. 26, filed on February 5, 2016, as unnecessary. The Court will address below the Amended Prisoner Complaint filed on October 13, 2015, as asserted against named Defendants Doctor David Jones, Tammera Herivel, and Correct Care Solutions, who are the three individuals that Plaintiff identified as named defendants on Page Two of the October 13, 2015 Complaint.

1

First, the Court notes that Plaintiff failed to provide complete information to the Court in either the September 24, 2015 Complaint or the October 13, 2015 Complaint. In the Previous Lawsuits section, Plaintiff stated he had filed a case in this Court against Sheriff Grayson Robinson in approximately 2011 that was dismissed because Sheriff Robinson is immune from suit. ECF Nos. 1 at 11 and 6 at 15. Plaintiff claims that he does not recall the case number of the action he filed against Sheriff Robinson; yet, on November 16, 2015, Plaintiff attempted to file a new complaint and a request to proceed pursuant to 28 U.S.C. § 1915 in Case No. 09-cv-01872-WYD-CBS, which had been dismissed on January 24, 2011. Based on Plaintiff's statement that he was a plaintiff in a case in 2011, and his attempt to file another complaint in Case No. 09-cv-01872-WYD-CBS, the Court finds Plaintiff is the same plaintiff as in Case No. 09-cv-01872. Upon further review of the Docket, the Court finds Plaintiff also filed two other cases in this Court, which were dismissed as legally frivolous. *See Kershaw v. People of Colo., et al.*, No. 10-cv-00713-ZLW (D. Colo. Apr. 26, 2010) (dismissed as legally frivolous and for failure to state a claim and to assert a claim against someone who is not immune from suit); Kershaw *v. People of Colo.*, No. 09-cv-02791-ZLW (D. Colo. Feb. 1, 2010) (dismissed as legally frivolous), *appeal dismissed*, No. 10-1058 (10th Cir. Aug. 4, 2010) (dismissed as legally frivolous and counts as a strike under 28 U.S.C. § 1915(g)).

Because on three or more occasions, Plaintiff has brought an action that was dismissed as legally frivolous or for failure to state a claim, he is subject to filing restrictions under § 1915(g). "There is only one exception to the prepayment requirement in § 1915(g)" and a prisoner with three or more strikes who seeks to fall within that exception must "make specific, credible allegations of imminent danger of

serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011) (internal quotation marks omitted). Vague and conclusory assertions of harm will not satisfy the imminent danger requirement of § 1915(g). *See White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998). Furthermore, allegations of past injury or harm are not sufficient. *See Fuller v. Wilcox*, 288 F. App'x 509, 511 (10th Cir. 2008). Finally, "[e]very circuit to have decided the issue so far has concluded that the statute's use of the present tense shows that a prisoner must have alleged an imminent danger at the time he filed his complaint." *Hafed*, 635 F.3d at 1179 (collecting cases).

Based on Plaintiff's claims asserted in the October 13, 2015 Amended Complaint, against Defendant Dr. Jones, the Court finds that on October 13, 2015, Plaintiff was in imminent danger of serious physical injury. The claims asserted against Defendant Jones will be drawn to a presiding judge and when appropriate to a magistrate judge.

Defendants Herivel and Correct Care Solutions, however, are subject to dismissal for the following reasons. Plaintiff fails to assert any claims against Defendant Herivel stating how she personally participated in violating his constitutional rights. *See Trujillo v. Williams*, 465 F.3d 1210, 1228 (10th Cir.2006) ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation . . . must be established." (emphasis added) (citation omitted)). Also, the claims he asserts against Defendant Correct Care Solutions do not state he suffered an injury caused by official policy or custom, *see Smedley v. Corrections Corp. of America*, 175 F. App'x 943, 946 (10th Cir. 2005) (must show official policy was direct cause of constitutional violation). Because Plaintiff failed to comply with the September 25 Order, and properly assert claims against Defendants Herivel and Correct Care Solutions, the Court will dismiss these Defendants from this action.

The Court further notes that Plaintiff identifies Cynthia Coffman on Page Two of the October 13 Complaint, but he does not assert any claims against her in the body of the Complaint, nor does he give any indication she is a defendant in this action. The Court, therefore, will not consider Ms. Coffman as a named defendant.

Plaintiff, however, does state in the body of the Complaint that Susan Mallory, Elaine Myers, and Arapahoe County denied his request for pain medication and to be seen by an orthopedic surgeon. But nothing Plaintiff asserts supports a finding of personal participation in a constitutional violation, other than an acknowledgment by Ms. Myers that Dr. Jones had refused to provide the requested medication or orthopedic evaluation, ECF No. 6 at 24-31, and an indication that Ms. Mallory entered documentation regarding Dr. Jones' determinations in the Arapahoe County records, *see* ECF No. 6 at 23. These claims alone do not establish personal participation. The actions are similar to when a prison staff member denies a grievance without connection to the violation of a constitutional right by another prison staff member. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2012) (denial of a grievance by itself without a connection to the violation of a constitutional right does not establish personal participation).

Furthermore, Plaintiff fails to assert how Arapahoe County's policy was the direct cause of Plaintiff's alleged constitutional violation. The Court, therefore, finds, even if Ms. Mallory, Ms. Myers, or Arapahoe County were considered as named defendants in this action, Plaintiff fails to assert claims against them that comply with the September 25, 2015 Order and state how they violated his constitutional rights. The Court will refrain from considering Ms. Mallory, Ms. Myers, and Arapahoe County as named defendants. Accordingly, it is

ORDERED that the December 1, 2015 Order Directing Plaintiff to File Amended Complaint, ECF No. 18, is vacated.   It is

FURTHER ORDERED that the February 5, 2016, Motion to Amend Complaint, ECF No. 26, is denied as unnecessary.   It is

FURTHER ORDERED that Defendants Correct Care Solutions and Tammera Herivel are DISMISSED from this action.   It is

FURTHER ORDERED that any other individuals, other than Dr. David Jones, named in the body of the October 13, 2015 Complaint, will not be considered as parties to this action.   It is

FURTHER ORDERED that the claims asserted against Defendant Dr. David Jones in the October 13, 2015 Prisoner Complaint, ECF No. 6, shall be drawn to a presiding judge and, when appropriate, to a magistrate judge, pursuant to D.C.COLO.LCivR 40.

DATED at Denver, Colorado, this   1st   day of    March    , 2016.

BY THE COURT:

   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court